```
                            United States Bankruptcy Court
                            Middle District of Pennsylvania
In re:                                                              Case No. 20-00131-RNO
Siwana Sheron Green                                                 Chapter 13
Thomas Demetrius Green
       Debtors
                              CERTIFICATE OF NOTICE
District/off: 0314-5         User: AutoDocke            Page 1 of 1          Date Rcvd: Apr 29, 2020
                             Form ID: pdf002            Total Noticed: 7
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 01, 2020.
```
db/jdb         +Siwana Sheron Green,   Thomas Demetrius Green,   113 Rena Drive,   Effort, PA 18330-7736
5294423        +Bayview Loan Servicing, LLC, a Delaware Limited Li,    4375 Jutland Drive, Suite 200,
                 P.O. Box 17933,    San Diego, CA 92177-7921
5297534        +Santander Consumer USA Inc,   P.O. Box 560284,    Dallas, TX 75356-0284
5290873        +Santander Consumer USA Inc.,   P.O. Box 961245,    Fort Worth, TX 76161-0244
5316149        +The Bank of New York Mellon, et al,   c/o Carrington Mortgage Services, LLC,
                 1600 South Douglass Road,   Anaheim, CA 92806-5948
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5290874        +E-mail/Text: bkmailbayview@bayviewloanservicing.com Apr 29 2020 19:46:13
                 Bayview Loan Servicing,   4425 Ponce De Leon Boulevard,   5th Floor,
                 Coral Gables, FL 33146-1873
5311074         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 29 2020 19:45:49
                 Pennsylvania Department of Revenue,   Bankruptcy Division P O Box 280946,
                 Harrisburg PA   17128-0946
                                                                                               TOTAL: 2

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5290876*       +Bayview Loan Servicing,   4425 Ponce De Leon Boulevard,   5th Floor,
                 Coral Gables, FL 33146-1873
5310060*       +Bayview Loan Servicing, LLC,   4425 Ponce De Leon Blvd., 5th Floor,
                 Coral Gables, FL 33146-1873
5290875*       +Santander Consumer USA Inc.,   P.O. Box 961245,   Fort Worth, TX 76161-0244
                                                                                TOTALS: 0, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 01, 2020                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 29, 2020 at the address(es) listed below:
          Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
          James Warmbrodt    on behalf of Creditor   THE BANK OF NEW YORK MELLON, F/K/A The Bank of New
           York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2005-7
           bkgroup@kmllawgroup.com
          Janet M. Spears    on behalf of Creditor   Bayview Loan Servicing, LLC, a Delaware Limited
           Liability Company bkecfinbox@aldridgepite.com,   JSpears@ecf.courtdrive.com
          Joseph J. Swartz    on behalf of Creditor   PA Dept of Revenue RA-occbankruptcy2@state.pa.us,
           RA-occbankruptcy6@state.pa.us
          Patrick James Best    on behalf of Creditor   THE BANK OF NEW YORK MELLON, F/K/A The Bank of New
           York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2005-7
           patrick@armlawyers.com,
           kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com
          Patrick James Best    on behalf of Debtor 1 Siwana Sheron Green patrick@armlawyers.com,
           kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com
          Patrick James Best    on behalf of Debtor 2 Thomas Demetrius Green patrick@armlawyers.com,
           kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 8
```

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>   Green, Thomas<br>   Green, Siwana | CHAPTER 13<br><br>CASE NO.: 5:20-00131 RNO<br><br>☒ ORIGINAL PLAN<br>      ☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br><br>0 Number of Motions to Avoid Liens<br>0 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

        1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan

1

payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 77285.00, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| Month 1 (2/2020) | Month 2 (3/2020) | Click or tap here to enter text. | Click or tap here to enter text. | Total Paid to Date: | $0.00 |
| Month 3 (4/2020) | Month 60 (1/2025) | $1,332.50 | Click or tap here to enter text. | $1,332.50 | $77,258.00 |
| | | | | Total Payments: | $77,258.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: (☐) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

    (☒) Debtor is over median income. Debtor estimates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. Additional Plan Funding From Liquidation of Assets/Other

    1. The Debtor estimates that the liquidation value of this estate is $ 0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☒ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced*

**2. SECURED CLAIMS.**

    A. <u>**Pre-Confirmation Distributions**</u>. *Check one.*

☒    None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

    B. <u>**Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**</u>. *Check one.*

☐    None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☒    Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Carrington | 113 Rena Drive, Effort PA | Click or tap here to enter text. |
| Bayview | 67 St Nicholas Avenue, NY | Click or tap here to enter text. |

    C. <u>**Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**</u>. *Check one.*

☐    None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☒    The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Bayview | 65 St Nicholas Ave, NY | $60,000.00 | $0.00 | $60,000.00 |

Rev 12/01/18

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

   1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

   2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

   3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Santander | 2013 Chrysler 200 | $7,200.00 | 6% | $7,560.00 |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F. Surrender of Collateral.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

4

☒ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3. PRIORITY CLAIMS.**

A. **Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of $ 0.00 already paid by the Debtor, the amount of $ 4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ Click or tap here to enter text. per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ☒ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Click or tap here to enter text. | Click or tap here to enter text. |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   ☒ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

A. **<u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u>** *Check one of the following two lines.*

  ☒ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

  ☒ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

  **Property of the estate will vest in the Debtor upon** *Check the applicable line:*

  ☒ plan confirmation.
  ☐ entry of discharge.
  ☐ closing of case.

7. **DISCHARGE: (Check one)**

  ☐ The debtor will seek a discharge pursuant to § 1328(a).
  ☒ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.

6

Case 5:20-bk-00131-RNO   Doc 44   Filed 05/01/20   Entered 05/02/20 00:31:31   Desc
Imaged Certificate of Notice   Page 7 of 8

Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Click or tap here to enter text.

| | |
|---|---|
| Dated: March 3, 2020 | /s/ Patrick J Best, Esq<br>Attorney for Debtor |
| | /s/ Thomas Green<br>Debtor |
| | /s/ Siwana Green<br>Joint Debtor |

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.